IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Theresa Denise Woodberry, | ) | Case No.: 4:24-cv-7249-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| Ruiz Food and McLeod, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 96), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Theresa Denise Woodberry's ("Plaintiff") pleadings (DE 1).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff alleges, among other things, that Ruiz Foods hired her in April 2023, and she was injured in May 2023. She claims her civil rights were violated and that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

she did not receive adequate treatment. (DE 1.) Plaintiff says, "I was discriminated[,] and retaliated against." (DE 1 at 5.) Plaintiff claims she was released based on constructive discharge and did not want to sue her employer; however, they did not provide the proper treatment, leaving her disabled. She requests monetary damages. Plaintiff alleges a conveyor belt snagged her glove and pulled her through. (DE at 6.) Plaintiff alleges when she returned to work, in violation of Title VII, she was subject to discrimination, retaliation, mental anguish, denial of accommodations, hostile work environment, and constructive discharge. (DE 1 at 6.) As to Defendant McLeod, Plaintiff makes no specific allegations but a list of state statutes (DE 1 at 7.)

### B. Report and Recommendation

On January 7, 2025, the Magistrate Judge issued the Report. To begin with, the Report said, "Plaintiff's claims as to Defendant Ruiz Foods should proceed and the court has authorized the issuance and service of process on the Defendant Ruiz Foods." (DE 17 at 4.) But the Report "recommended that Defendant McLeod be summarily dismissed without prejudice for failure to state a claim upon which relief may be granted." (DE 17 at 4.) The Report found that

> Plaintiff has failed to state a claim upon which relief can be granted as to McLeod. Further, it appears Plaintiff is seeking to pursue state law claims and there is no diversity jurisdiction as to Defendant McLeod and the court should decline to exercise supplemental jurisdiction over deficiently plead state law claims. Additionally, it appears Plaintiff may be attempting to pursue workers' compensation type claims; South Carolina Workers' Compensation Commission is vested with exclusive original jurisdiction as to those claims.

(*Id.* at 4-5.) Plaintiff did not object to the Report.[2]

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 17) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendant McLeod is dismissed without prejudice, and Plaintiff's motion for an extension to file an objection (DE 32) is denied.

---

[2] Plaintiff's objection was due on January 21, 2025. Even still, Plaintiff moved for an extension (DE 22) on January 24, 2025, and again on February 11, 2025 (DE 24). In each motion, Plaintiff did not explain her reasons for an extension beyond saying she needed more time to strengthen her case. That said, the Court granted Petitioner an extension to object by March 13, 2025. (DE 25.) On March 13, 2025, Petitioner again moved for an extension to object to the Report "due to some personal issues." (DE 32.) Rule 6 says the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Rule 6(b)(1), Fed. R. Civ. P. Petitioner's motion does not explain what her personal issues are to show good cause for an extension. Accordingly, without more information, Petitioner's motion for an extension (DE 32) is denied.

IT IS SO ORDERED.

March 28, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.