UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THERESA DENISE WOODBERRY, | Civil Action No. 4:24-cv-7249-JD-TER |
| Plaintiff, | |
| -vs- | |
| | **ORDER** |
| RUIZ FOODS, | |
| Defendant. | |

This case arises out of Plaintiff's employment with Defendant. Though her claims are not entirely clear, Plaintiff, who is proceeding pro se, appears to allege that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq.[1] and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Presently before the court are Plaintiff's Motions for Recusal (ECF Nos. 103, 107).[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e) and (g), DSC.

As a threshold issue, the undersigned must address Plaintiff's request that he recuse himself from this case. Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is analyzed objectively by considering whether a person with knowledge of the

---

[1] Although Plaintiff checked the box for Title VII under the "Basis for Jurisdiction" section of her Amended Complaint (ECF No. 55), she later filed a letter (ECF No. 93) seeking to clarify that Defendant did not discriminate against her on the basis of race or ethnicity, stating "I don't know how this came about, but I am not going to lie on the Defendant Ruiz Foods."

[2] Numerous other motions are pending and will be addressed by subsequent Order or Report and Recommendation.

relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer, only one of which Plaintiff raises here. 28 U.S.C. § 455(b). A judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir.2000). Further, the basis of the disqualification must come from an "extrajudicial source," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 554–55 (1994). If a party is unhappy with a judge's rulings, his proper path is to file an appeal. Id. at 555. As the Supreme Court of the United States stated in United States v. Gordon, 61 F. 3d 263, 268 (1995), "litigants may not make the trial judge into an issue because they dislike the court's approach or because they disagree with the ultimate outcome of their case."

In addition, section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). Overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998). "[T]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted).

Plaintiff argues several reasons for the undersigned's recusal is this case. However, all of them fail for the same reason. As stated above, "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky, 510 U.S. at 554–55. Plaintiff has not identified an extrajudicial

source of any alleged bias. Further, in most instances, the undersigned has either not yet issued a ruling or recommendation on the matters raised by Plaintiff in her motion, or the requests are not properly before the court. Plaintiff argues that the undersigned has exhibited impartiality by allowing Defendant to rely on falsified or forged documents, ignoring or denying Plaintiff's requests for subpoenas and record authentication, denying her requests for ADA accommodations, refusing to allow critical evidence, failing to notify her of rulings, dismissing McLeod as a defendant in this action, failing to explain court procedures, denying her request for a hearing, and refusing to provide her with documents upon request. The record belies these assertions of bias, and any assertion otherwise fails to amount to anything more than speculation. For instance, there are no pending motions by Plaintiff requesting subpoenas or a hearing. There are no rulings allowing falsified documents, denying requests for ADA accommodations, or refusing to allow critical evidence. The docket reflects that each ruling or recommendation entered in this case was mailed to Plaintiff at the address she provided to the court. Finally, as stated above, to the extent the undersigned has ruled or made a recommendation against Plaintiff, her proper path is to file an appeal or objection, not seek the recusal of the judge. Id. at 555.

For these reasons, Plaintiff's Motions for Recusal (ECF Nos. 103, 107) are **DENIED**.

**IT IS SO ORDERED**.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 30, 2025
Florence, South Carolina