UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THERESA DENISE WOODBERRY, | ) | Civil Action No. 4:24-cv-7249-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| RUIZ FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

This case arises out of Plaintiff's employment with Defendant. Though her claims are not entirely clear, Plaintiff, who is proceeding pro se[1], appears to allege that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq.[2] and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Numerous motions are pending and are addressed below.[3] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e) and (g), DSC.

---

[1] Plaintiff has chosen to file this case pro se and, thus, is responsible for prosecuting the claims alleged in her Complaint. She is solely responsible for the prosecution of her claims, which includes abiding by the rules of this court, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules for the District of South Carolina, as well as all scheduling order deadlines and other deadlines set in this case.

[2] Although Plaintiff checked the box for Title VII under the "Basis for Jurisdiction" section of her Amended Complaint (ECF No. 55), she later filed a letter (ECF No. 93) seeking to clarify that Defendant did not discriminate against her on the basis of race or ethnicity, stating "I don't know how this came about, but I am not going to lie on the Defendant Ruiz Foods."

[3] Also pending are two Motions for Default (ECF Nos. 76, 86), which will be addressed by separate Report and Recommendation.

**Motions for Extension of Time (ECF Nos. 65, 106) and Motion to Request the Court to Allow Additional Evidence (ECF No. 72)**

In the first motion for extension of time, Plaintiff seeks additional time to bring in information about her student loans since she is requesting that Defendant pay off her student loans. No deadlines have been set with respect to the filing of documents, especially with respect to Plaintiff's damages. If Plaintiff is attempting to address discovery issues regarding Rules 33 or 34 of the Federal Rules of Civil Procedure, or other provisions of the Federal Rules of Civil Procedure, or initial disclosures by the Local Civil Rules for the District of South Carolina, she should address her request as appropriate under the applicable rules. In addition, if she is attempting to address evidence to submit in anticipation of a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, or at trial, such attempt is premature and, thus, Plaintiff's motion (ECF No. 65) is **DENIED**.

In the motion to allow additional evidence, Plaintiff asks that she be allowed additional time to submit new evidence that she just discovered before this case goes to trial. The additional evidence she references is "more tampered evidence and … to show how my son and I suffered what we had to go through due to and after losing my job such as how my credit was impacted and the things that I lost and what we endured." For the same reasons discussed above, Plaintiff's motion (ECF No. 72) is **DENIED**.

In her second motion for extension of time, Plaintiff asks for additional time to file a response, though she does not indicate to which motion she is responding, and to be allowed to send the response via email because of her disability. Parties are not allowed to file documents via email, see Local Civil Rule 5.05, DSC, and Plaintiff has failed to show why she should be allowed to do. For this reason, and in the absence of more specific information regarding the

deadline for which she seeks an extension, Plaintiff's motion (ECF No. 106) is **DENIED**.

### Motion to Request the Court to Send Copies to Defendant (ECF No. 70)

Plaintiff asks the court to send Defendant her opposition to its Motion to Dismiss, or in the Alternative, Compel Arbitration.[4] Plaintiff states in the motion that she will also send her response by regular mail, which is all that is required under Rule 5(b) of the Federal Rules of Civil Procedure. Thus, her motion is **DENIED**.

### Motion to Suppress Defendant Potential Evidence (ECF No. 71) and Motion to Exclude Illegally Obtained Evidence and Request for Protective Order (ECF No. 111)

Plaintiff asks the court to suppress or strike "all documents that the defendant has submitted thus far and any future documents in the case with the plaintiff that are forged, altered, or tampered with" (ECF No. 71), and exclude "all evidence obtained by the Defendant or its agents through illegal means" (ECF No. 111). The only document Plaintiff specifically references is an arbitration agreement that she argues was forged. Even if these were proper motions provided by the rules of civil procedure, Plaintiff provides no factual basis or legal argument upon which the court could make a determination that striking or suppressing the arbitration agreement document is appropriate, nor has she specified any other documents that altered or obtained through illegal means. Therefore, Plaintiff's motions are **DENIED**.

### Motions to Stay (ECF Nos. 80, 102, 113)

In Plaintiff's first Motion to Stay, she asks that the court put on hold everything that she has to respond to in this case for an indefinite period of time because Defendant has hacked into her devices and removed evidence she needs for court. Currently, there are no filings requiring a response from Plaintiff. Thus, the court declines to stay the case and Plaintiff's Motion is

---

4 The Motion to Dismiss, or in the Alternative, Compel Arbitration has since been withdrawn.

**DENIED**.

In the second and third motions, Plaintiff asks that this case be stayed pending a determination of her request for accommodations under Title II of the ADA. Her accommodations request is set forth in her second motion to stay.[5] Plaintiff asserts that she

> Is a self-represented litigant with both psychological and physical impairments that limit her ability to fully participate in court proceedings without assistance.
>
> Plaintiff has difficulty understanding court language, articulating her thoughts clearly in writing, and processing complex instructions without confusion or overload. These impairments interfere with her ability to respond to court orders, deadlines, and filings in a timely and meaningful way.

ECF No. 102 p. 2. As an accommodation, Plaintiff requests (1) extended deadlines, (2) permission to send and receive court filings by email, and (3) reminders by email, phone call, text message, or email. The court notes that Title II of the ADA is not applicable to the federal government. See Anders v. South Carolina, No. 2:24-CV-06311-BHH-MGB, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025), report and recommendation adopted, No. 2:24-CV-6311-BHH, 2025 WL 1167492 (D.S.C. Apr. 21, 2025) (citing Torrence v. U.S. Bankruptcy Court for the N.D. Ill., Case No. 17 C 3120, 2017 WL 3593116 at *4 (N.D. Ill. Aug. 21, 2017)) ("[N]either the ADA nor the Rehabilitation Act covers a federal court."). Further, even if these statutes were applicable, Plaintiff has not provided sufficient explanation as to how the requested modifications to Federal and Local Rules would accommodate her disability. The court will consider specific requests for extensions of time in accordance with Local Civil Rule 6.01, DSC[6] on a case-by-case basis.

---

[5] Plaintiff has mentioned needing accommodations in other filings with the court, but this is the first motion in which she makes the request.

[6] Local Civil Rule, 6.01 provides,

> Motions to Alter Time. Requests for enlargement or shortening of time (except as otherwise allowed by consent under Local Civ. Rules 12.01, 29.01, 37.01 (D.S.C.)) must be by motion and accompanied by an affidavit or other statement giving the reasons therefor.

Accordingly, Plaintiff's motions to stay (and request for accommodations) are **DENIED**.

### Motion to Request a New Case Worker (ECF No. 97)

Plaintiff asks the court to assign a new "case worker" to her case due to "issues surrounding the handling of her requests for access to critical case records" and "ongoing concerns involving her current case worker's handling of duties which have caused Plaintiff distress and procedural confusion." Plaintiff filed this action without an attorney and, thus, is required to be familiar with the rules of this court, abide by those rules as well as any orders of the court, and prosecute her case. The case managers in the Clerk's office are not attorneys and cannot give legal advice as to how to prosecute a case. Plaintiff's motion is **DENIED**.

### Motion to Supplement Record and Declare Control, Tampering, and Violations (ECF No. 112)

Plaintiff asks the court to allow her to supplement the record with all the instances Defendants have gained unauthorized control over nearly all her digital devices and destroyed or altered documents needed for court. She asks the court to take judicial notice of these instances and allow her additional time to "fix" what Defendant has done. She also renews her request for default judgment due to extreme prejudice, or, at the least, that the court not dismiss her case. The vague instances described by Plaintiff are not facts about which the court can take judicial notice,

---

Motions for extension should also include the following information: (1) the date of the current deadline; (2) whether the deadline has previously been extended; (3) the number of additional days requested, as well as the proposed date of the new deadline; and (4) whether the extension requested would affect other deadlines.5 If the request for an extension of time would affect more than one deadline in the scheduling order, a proposed amended scheduling order in the form used by the assigned judge, including all deadlines not then expired, shall be attached to the motion. (cont'd)

Motions for extension of time for completion of discovery will be granted only in unusual cases and upon a showing that the parties have diligently pursued discovery during the originally specified period. This showing requires a specification of the discovery (including depositions by witness name and date) that has been completed and the depositions (including witness name) and other discovery that remain to be completed.

and Plaintiff has not specified which documents need to be fixed (other than a "declaration," though Plaintiff has filed more than one) or how long she needs to fix them. Further, Plaintiff has not presented circumstances in this motion that would allow for entry of default judgment. Therefore, her motion is **DENIED**.

### Motion for Leave to Request Amend [sic] for Default Judgment (ECF No. 114)

Here, Plaintiff asks the court to allow her to amend her motion for default judgment to add additional facts of new evidence she has of "ongoing digital interference" with her court documents. Plaintiff cites Federal Rule of Civil Procedure 15(a)(2), which provides for the amendment of <u>pleadings</u> "freely . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). Motions are not pleadings. <u>See</u> Fed.R.Civ.P. 7 (differentiating between pleadings and motions). Thus, Plaintiff's Motion is **DENIED** without prejudice.

### Motion to Dismiss (ECF No. 119)

Plaintiff seeks to "dismiss the Defendant [sic] Motion to Dismiss." Defendants have since withdrawn their motion. Therefore, Plaintiff's Motion to Dismiss is **MOOT**.

**IT IS SO ORDERED**.

                                                 s/Thomas E. Rogers, III
                                                 Thomas E. Rogers, III
                                                 United States Magistrate Judge

August 6, 2025
Florence, South Carolina