UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THERESA DENISE WOODBERRY, ) | Civil Action No. 4:24-cv-7249-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| RUIZ FOODS, ) | |
| ) | |
| Defendant. ) | |

This case arises out of Plaintiff's employment with Defendant. Plaintiff, who is proceeding pro se, appears to allege that Defendant discriminated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Presently before the court are Plaintiff's Motion to Request that Defendant Seize [sic] from Hacking (ECF No. 128) and Plaintiff's Motion Requesting that the Judge Stop Defendant Ruiz Food Product, Inc. from Hacking the Plaintiff's Devices (ECF No. 137). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e) and (g), DSC.

In Plaintiff's most recent motions, she alleges that she is being surveilled in her home, to which she has not consented, and Defendant has watched her in the privacy of her own home in her most private moments, listened to her conversations, hacked everything, including her Pacer account, her child's school account, social media accounts, and all devices, digitally tampered with and rewrote court documents, called 911 repeatedly as if it is her, blocked her from receiving calls, texts, and emails, tampered with her application for disability, stalked and hacked individuals in her contacts, called people from her phone as if it is her, and monitored her comings and goings.

She alleges that Defendant controls everything she does and all mail has stopped coming to her house, so she does not know what is going on with her case. She asks the Court to direct Defendant to stop this conduct and asks for a protective order.

The conduct alleged by Plaintiff falls outside the claims asserted in this employment discrimination case. Plaintiff may have other civil claims she could assert against Defendant or others; however, such claims are not before the court. To the extent Plaintiff is alleging criminal behavior of some sort, it is a matter for law enforcement, not the Court, at this juncture. See, e.g., Randolph v. Holder, No. ELH-15-982, 2015 WL 1656733, at *2 (D. Md. Apr. 9, 2015) ("If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities."); Danielson v. Human, No. 3:12-CV-00840-FDW, 2014 WL 1765168, at *4 (W.D.N.C. May 2, 2014) (addressing a plaintiff's allegations of criminal conduct in a civil action and noting that "[t]he Court simply does not have the power to charge and prosecute individuals sua sponte.").

For these reasons, Plaintiff's Motions (ECF Nos. 128, 137) are **DENIED**.

**IT IS SO ORDERED**.

                                                    s/Thomas E. Rogers, III
                                                   Thomas E. Rogers, III
                                                   United States Magistrate Judge

September 4, 2025
Florence, South Carolina