IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Theresa Denise Woodberry, ) | Civil Action No. 4:24-7249-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Ruiz Foods, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of the United States Magistrate Judge Thomas E. Rogers, III (DE 141), recommending denial of Plaintiff's Motions for Default Judgment (DE 76; DE 85). Plaintiff filed two handwritten objections to the Report (DE 144; DE 150), the latter of which was submitted outside the fourteen-day period contemplated by 28 U.S.C. § 636(b)(1). Nevertheless, the Court has considered both objections, and Defendant filed responses to each (DE 149; DE 158). The Court has conducted a de novo review of the portions of the Report to which Plaintiff has objected, the record, and applicable law.

I.     BACKGROUND

Plaintiff Theresa Denise Woodberry ("Plaintiff"), proceeding pro se, brings this action against her former employer, Defendant Ruiz Food Products, Inc. ("Defendant"), alleging discrimination and harassment arising from her employment, which ended on July 7, 2023. (DE 55.) Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. (Id.)

1

During the course of the litigation, Defendant filed a Motion to Dismiss, or in the Alternative, to Compel Arbitration, attaching an electronically signed Arbitration Agreement purportedly bearing Plaintiff's signature. (DE 66.) Plaintiff denied signing the agreement and alleged that the electronic signature was fraudulent. In response, the Magistrate Judge directed Defendant to file supplemental briefing addressing the authenticity of the electronic signature. (DE 121.) Before the Court ruled on the issue, Defendant withdrew its motion to compel arbitration. (DE 125.)

Plaintiff thereafter filed two motions seeking entry of default judgment as a sanction based on her allegations of a forged Arbitration Agreement and false declaration submitted under penalty of perjury. (DE 76; DE 85.) Plaintiff styled her requests as motions for default judgment under Rule 55 of the Federal Rules of Civil Procedure. Defendant opposed the motions. (DE 118; DE 100.)

On September 4, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Motions for Default Judgment be denied. (DE 141.) The Magistrate Judge determined that Rule 55 was inapplicable because Defendant had not failed to plead or otherwise defend, and further concluded that sanctions under Rule 11 were not warranted because Plaintiff had not complied with Rule 11(c)(2)'s procedural requirements and because Defendant had already withdrawn the challenged filing. (DE 141 at 2.)

Plaintiff filed two handwritten objections to the Report. (DE 144; DE 150.) Defendant filed responses to each objection. (DE 149; DE 158.) The matter is now ripe for disposition.

## II. LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## III. OBJECTIONS

Because Plaintiff filed objections to the Report, the Court has conducted a de novo review of the portions of the Report to which specific objections were made. 28 U.S.C. § 636(b)(1). To the extent Plaintiff's filings do not constitute specific objections, the Court has reviewed the Report only for clear error.

A. Plaintiff's Objections Are Not Specific and Largely Reiterate Prior Arguments

Plaintiff filed two handwritten objections (DE 144; DE 150). The second objection was untimely, but the Court has nevertheless considered it. Both objections restate the same allegations previously raised in Plaintiff's motions for default

judgment—that the Arbitration Agreement attached to Defendant's earlier motion contained a fraudulent electronic signature and that Defendant acted improperly in connection with her employment. (See DE 144 at 1–5; DE 150 at 1–4.) Plaintiff does not identify any factual or legal error in the Magistrate Judge's reasoning, nor does she address the requirements of Rule 55 or Rule 11.

An objection that merely rehashes arguments previously presented to the Magistrate Judge does not constitute a proper, specific objection under Rule 72. See Norris v. Moore, No. 8:12-1162-MGL, 2013 WL 5332851, at *3 (D.S.C. Sept. 23, 2013); Brooks v. James, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011). Because Plaintiff's objections simply reiterate arguments already considered and rejected, they do not require de novo review. Even when reviewed de novo, however, the objections lack merit for the reasons discussed below.

B.  The Magistrate Judge Correctly Concluded That Rule 55 Does Not Apply

Plaintiff sought default judgment under Rule 55, asserting that Defendant should be sanctioned for allegedly submitting a forged arbitration agreement. (DE 76; DE 85.) Rule 55, however, addresses default judgments based solely on a party's failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendant timely responded to the Amended Complaint. (DE 66.) As the Magistrate Judge correctly concluded, Rule 55 provides no basis for the relief Plaintiff seeks. (DE 141 at 2.)

Plaintiff's objections do not contend otherwise. Instead, she restates allegations regarding the validity of the electronic signature and her belief that

4

Defendant committed fraud. These allegations do not bring the matter within the scope of Rule 55 and, therefore, do not undermine the Report's conclusion.

C. The Magistrate Judge Also Correctly Determined That Rule 11 Sanctions Are Not Warranted

Although Plaintiff invoked Rule 55, the nature of her request—default judgment as a sanction for alleged fraudulent filings—implicated Rule 11. As the Magistrate Judge noted, a party seeking Rule 11 sanctions must serve the motion on the opposing party at least 21 days before filing it with the Court. Fed. R. Civ. P. 11(c)(2). Plaintiff did not comply with this requirement. (DE 141 at 2.)

Moreover, the challenged filing—the Arbitration Agreement submitted with Defendant's Motion to Dismiss or to Compel Arbitration—was withdrawn before any Rule 11 motion was served. (DE 125.) Rule 11(c)(2) expressly provides a safe-harbor period during which withdrawal of the challenged paper precludes the filing of a sanctions motion, rendering the issue of sanctions moot. See Fed. R. Civ. P. 11(c)(2); Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342, 1346–47 (11th Cir. 2022); 5A Wright & Miller, Federal Practice & Procedure § 1337.2 (4th ed.). Because Defendant withdrew the challenged filing before any Rule 11 motion was properly served or filed, Rule 11 sanctions are procedurally barred.

Plaintiff's objections do not dispute that she failed to follow Rule 11's procedural steps, nor do they address the effect of Defendant's withdrawal of the challenged document. Instead, she asserts that the Magistrate Judge "punished" her under Rule 11 (DE 144 at 2; DE 150 at 1), which is incorrect—the Magistrate Judge did not sanction Plaintiff but merely explained why Rule 11 sanctions against

5

Defendant were unavailable. Nothing in Plaintiff's objection demonstrates error in this analysis.

D. **Plaintiff's Remaining Assertions Are Irrelevant to the Issues Presented**

Plaintiff's objections also reference her medical conditions, allegations of hacking, and grievances about her work environment. (DE 144 at 3–5; DE 150 at 2–4.) These assertions do not relate to whether the Magistrate Judge correctly applied Rules 55 and 11. The Court, therefore, finds no basis to disturb the Report's recommendations on the grounds raised in Plaintiff's filings.

## IV. CONCLUSION

For the foregoing reasons, and after a thorough review of the Report (DE 141), Plaintiff's objections (DE 144; DE 150), Defendant's responses (DE 149; DE 158), and the applicable law, the Court finds that Plaintiff's objections fail to identify any error in the Magistrate Judge's analysis. Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation (DE 141), and Plaintiff's Motions for Default Judgment (DE 76; DE 85) are DENIED.

IT IS SO ORDERED.

Florence, South Carolina
December 10, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are advised that they may appeal this Order within sixty (60) days pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.